**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**SEAN BECK,**

     **Plaintiff,**

     **vs.**                            **Case: 3:24-cv-00157-MCR-HTC**

**ROBERT JOHNSON in his official capacity as**
**SHERIFF of SANTA ROSA COUNTY,**
**TIMOTHY SHELTON, individually,**
**KIEFER BOSWELL, individually,**
**JEREMY ODOM, individually,**
**BRANDON GIBBS, individually, and**
**KIMBERLY SMITH, individually,**

     **Defendants,**
_____/

**<u>SECOND AMENDED COMPLAINT</u>**

     Plaintiff, SEAN BECK, hereby sues Defendants, ROBERT JOHNSON, in his official capacity as SHERIFF, SANTA ROSA COUNTY, TIMOTHY SHELTON, individually, KIEFER BOSWELL, individually, JEREMY ODOM, individually, BRANDON GIBBS, individually, and KIMBERLY SMITH, and alleges:

**<u>NATURE OF THE ACTION</u>**

     1.     This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendants. This is an action brought under the common law of the State of Florida, and brought through 42

U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing Plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

2.      This is an action involving claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00).  This case was removed to this Court by the Defendant.

## **THE PARTIES**

3.      At all times pertinent hereto, Plaintiff, SEAN BECK, has been a resident of the State of Florida.

4.      At all times pertinent hereto, Defendant, BOB JOHNSON in his official capacity as SHERIFF SANTA ROSA COUNTY, has been organized and existing under the laws of the State of Florida as a law enforcement agency known as the Santa Rosa County Sheriff's Office ("SRCSO") and is located in SANTA ROSA COUNTY, Florida.

5.      At all times pertinent hereto, Defendant, TIMOTHY SHELTON, in his individual capacity, was a resident of the State of Florida and was employed by Defendant SANTA ROSA COUNTY SHERIFF'S OFFICE. He is thus sui juris.

6.     At all times pertinent hereto, Defendant, KIEFER BOSWELL, in his/her individual capacity, was a resident of the State of Florida and was employed by Defendant SANTA ROSA COUNTY SHERIFF'S OFFICE. He/She is thus sui juris.

7.     At all times pertinent hereto, Defendant, JEREMY ODOM, in his individual capacity, was a resident of the State of Florida and was employed by Defendant SANTA ROSA COUNTY SHERIFF'S OFFICE. He is thus sui juris.

8.     At all times pertinent hereto, Defendant, BRANDON GIBBS, in his individual capacity, was a resident of the State of Florida and was employed by Defendant SANTA ROSA COUNTY SHERIFF'S OFFICE. He is thus sui juris.

9.     At all times pertinent hereto, Defendant, KIMBERLY SMITH, in her individual capacity, was a resident of the State of Florida and was employed as a nurse at the Santa Rosa County Jail. She is thus sui juris.

## CONDITIONS PRECEDENT

10.     Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein, were submitted to Defendants pursuant to 768.28(6), Florida Statutes.

## STATEMENT OF THE ULTIMATE FACTS

11.     On or about February 24, 2021, law enforcement was called to Plaintiff's parents' home due to a domestic violence incident.

12.     Plaintiff and his mother, Linda Martinez, had an argument and Plaintiff's stepfather got involved in the incident. Plaintiff's family had to restrain Plaintiff's stepfather in an effort to get him to calm down.

13.     When Officer Jeremy Ducker arrived on the scene, he took the witness statements from Plaintiff's family members. Martinez then stated that she wanted to have Plaintiff Baker Acted because he was disabled and mentally incapacitated.

14.     Plaintiff was acting erratic and they all intervened to calm him down.

15.     The family could tell that he needed his mental health assistance. He was not physically abusive to any of the family members.

16.     The family witnessed when John Martinez tripped on his slippers and Plaintiff did not push him.

17.      The family restrained Plaintiff and tried to keep him there. The family told the police that they were not injured in the incident, they were not afraid of the Plaintiff and did not wish for him to be arrested and prosecuted. Instead, the family advised that they wanted Plaintiff to be Baker Acted.

18.     When the police officer left Martinez's house, Martinez indicated that she wanted Plaintiff to be Baker Acted and taken to the Lakeview Center, but the officer indicated that he could not do so because he had to take Plaintiff to the closest facility. The officer advised that Plaintiff would be taken to HCA Florida West Hospital. The officers confirmed that she would take Plaintiff to the HCA Florida

West Hospital and based on the assurances of the officers, Martinez believed that Plaintiff was at the hospital and not at the Santa Rosa County jail.

19.     Martinez asked the police officers if she could give him Plaintiff's medication for his mental health condition to calm him down and the police officer said no because the nurse would give Plaintiff medication.

20.     Instead, Plaintiff was arrested for assault of a person of 65 years and older. Plaintiff was then transported to the Santa Rosa County jail.

21.     When Plaintiff was taken to Santa Rosa County jail he was assessed, and an X-ray was done. Defendant's workers, including but not limited to defendant Jeremy Odum, laughed at Plaintiff's X-rays and made comments such as stating that Plaintiff's "spine looks like a lightning bolt".

22.     This insensitive and inappropriate behavior persisted without intervention and escalated thereafter.

23.     Notably, there was no evidence of illegal substance in Plaintiff system.

24.     The officers at the jail laughed at Plaintiff's disability and Nurse Kimberly Smith, who is employed by the jail medical provider, placed him on level 2 suicide precautions.

25.     Plaintiff was placed in a paper suicide prevention garment and housed in A.C.R. holding cell #2. Plaintiff was placed in a suicide vest but was never suicidal when he left his family home.

5

26.     Plaintiff told Nurse Kimberly Smith that he needed medication for pain and medication for his mental health condition, but unfortunately, Nurse Kimberly Smith neglected to provide Plaintiff with the medication.

27.     Following Plaintiff's placement in the cell, he requested a sleeping mat and a wheelchair, both of which were denied, by specifically but not limited to defendant Jeremy Odum.

28.     Thereafter, Plaintiff was sprayed with a large cannister of pepper spray and defendants Timothy Shelton, Kiefer Boswell, Jeremy Odom, and Brandon Gibbs took Plaintiff to the shower.

29.     Plaintiff was then instructed to remove his clothing. Plaintiff removed his clothes and was asked to turn around with his back facing defendants Timothy Shelton, Kiefer Boswell, Jeremy Odom, and Brandon Gibbs and immediately after that his face was pushed into a wall. Defendant Jeremy Odom then commenced to grabbing Plaintiff's hair and slamming his face into the shower knob approximately six times.

30.     Plaintiff fell to the floor at which point defendants Timothy Shelton, Kiefer Boswell, Jeremy Odom, and Brandon Gibbs started hitting and kicking him while he was on the floor. At the time of the incident Plaintiff weighed around 115 pounds and one of the guards weighed over 300 pounds and this showed the impact that the excessive force had on Plaintiff.

6

31.    Plaintiff then realized that he could not bite his teeth together and a part of a tooth flew out.

32.    Plaintiff was then denied critical medical care by Nurse Kimberly Smith and was not taken to the hospital when he made the request even though he had severe injuries and was noticeably bleeding. Plaintiff's smock had to be changed approximately eight times due to the constant bleeding that he experienced. This incident happened before he took his mugshot.

33.    Plaintiff then informed guards of what happened with his teeth and he was seen by the medical department where he was told his teeth were fractured along with his nose. But still no medical care was provided even though the need was obvious.

34.    After he was released from the jail, Plaintiff sought treatment at Aspen Dental located in Pensacola, Florida and was referred to by Dr. Bell. He underwent a CBCT in Dr. Bell's office that demonstrated a dentoalveolar fracture involving teeth 7-10 and fracture of a palatal cusp on #4.

35.    While at the county jail Plaintiff constantly asked for a phone call but he was not given a phone call. Plaintiff was threatened by Defendant's employee regarding his request to use the phone. Defendant deliberately placed Plaintiff in a cell that had a phone that did not work. Defendant prevented Plaintiff from using the kiosk phone which defendant knew was fully operational.

36.     Martinez found out a day later that Plaintiff was being held at the county jail and opt to bail Plaintiff out of the county jail. At the bail hearing Plaintiff was present via video conferencing. Mrs. Martinez could not see Plaintiff, only the judge could see him. It then took hours for Plaintiff to be released.

37.     On or about February 25, 2021, after Martinez bailed Plaintiff out of the county jail Defendant correctional officers took Plaintiff to the HCA Florida West Hospital. Coincidentally this is the hospital that Defendant's officers told Martinez that they would take Plaintiff to.

38.     Plaintiff was accessed by M.D. Richard S. Samuels and a CT scan confirmed that there was a bilateral traumatic basal fractures with displacement of the fractures towards the right and nasal bone fracture and a knee contusion.

39.     Martinez had to pay out of pocket for the dental procedures for Plaintiff.

40.     On or about February 26, 2021, Ms. Martinez then took Plaintiff to the Oral and Implant Surgery of Gulf Breeze and after assessment it was stated that Plaintiff had Dentoalveolar fracture of teeth 7-9 and likely nasal bone fracture. The surgical plan was a reduction of dentition and splinting of teeth. Plaintiff's mouth was wired shut for a few months to foster his jaw and teeth healing. This ordeal caused Plaintiff to experience anguish, pain and he experienced loss of enjoyment of life due to Defendants employees' actions.

41.    On or about March 1, 2021, Plaintiff was assessed at the Santa Rosa Counseling Center due to Plaintiff's disability, the traumatic experience that he experienced at the county jail he needed to be assessed by a therapist. The diagnosis was that Plaintiff had bipolar disorder, schizophrenia spectrum and other psychotic disorders. The dosage of the medication that Plaintiff received increased. Later on, March 11, 2021, he was reassessed, and the prescribed frequency of treatment was moved to every two weeks due to issues with insomnia and anxiety.

42.    Plaintiff then went to the Pensacola Center for Endodontics for an assessment. He was given a referral to a specialist, Dr. Todd Timco at Gulf Breeze Hospital.

43.    Plaintiff was assessed by Dr. Robert Sackheim on or about March 3, 2021, Dr. Sackheim prescribed pain medication for Plaintiff.

44.    On or about March 10, 2021, Plaintiff experienced eye pain and was taken to Clarkson Eyecare Woodbine for assessment. Plaintiff did not have any eye issues prior to the incident and after the attack he experienced blurry vision. The diagnosis was Astigmatism; presbyopia; anatomical narrow angle and dry eyes. Plaintiff was given medication.

45.    Plaintiff was taken to the Santa Rosa Medical Group - Ear, Nose and Throat (ENT) for assessment regarding the broken nose. Plaintiff's condition got worse, and a surgical procedure needed to be done.

46.     On or about June 7, 2021, Dr. Johnathan Chadwick did a septoplasty, ablation of soft tissue of inferior turbinate's were done during the surgical procedure. This surgery corrected Plaintiff's broken nose and repositioned it.

47.     Plaintiff had to follow up with medical care for approximately a year and a half with another dentist for several months in an effort to preserve his teeth. Plaintiff had to follow up with his primary care doctors for several months to assist in his healing. Additionally, Plaintiff had to constantly follow up with his therapist to overcome the trauma that he experienced with at the Santa Rosa County jail.

48.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendants should be made to pay said fee under the laws referenced above.

## COUNT I
## BATTERY
**(Brought by Plaintiff against Defendant ROBERT JOHNSON, in his official capacity as SHERIFF, SANTA ROSA COUNTY)**

49.     Paragraphs 1 through 48 are realleged and incorporated herein by reference.

50.     This count sets forth a claim against Defendant ROBERT JOHNSON, in his official capacity as SHERIFF, SANTA ROSA COUNTY, for common law battery. For the purpose of this Count alone, the officers employed with Defendant Sheriff were acting inside the course and scope of employment.

51.    Defendant Sheriff was aware that its officers frequently faced disciplinary action for employing excessive force against detainees during the booking process. Additionally, the Sheriff's Office had a customary practice of refraining from disciplining officers who engaged in such excessive force against detainees.

52.    As such, Defendant fostered a pattern of practice which ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

53.    Plaintiff is entitled to relief against Defendant in that through its officers, employees and agents, Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner on or about February 24, 2021. On this day, Defendant battered Plaintiff, hit him, and caused Plaintiff to sustain injuries. Defendant conducted no independent investigation into whether any criminal conduct had occurred prior to or following the battering of Plaintiff. Defendant through its agents and/or employees, intended to hit, push and otherwise batter Plaintiff.  This unlawful touching was also accomplished by Defendant through, its agents' and/or employees' touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact Plaintiff. Defendant intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

11

54.     The actions by Defendant were committed as an agent of Defendant and were committed within the course and scope of its employment.

55.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish such as depression, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT II
## BATTERY
**(Brought by Plaintiff against Defendant TIMOTHY SHELTON)**

57.     Paragraphs 1 through 48 are realleged and incorporated herein by reference.

58.     This count sets forth a claim against Defendant TIMOTHY SHELTON, individually, for common law battery. For the purpose of this Count alone, Defendant was acting outside of the course and scope of his employment with Defendant Sheriff.

59.     Plaintiff is entitled to relief against Defendant in that, Defendant, without justification or Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in which Defendant battered Plaintiff, hit him, and caused Plaintiff to sustain injuries. Defendant intended to hit, push, and otherwise batter

Plaintiff. This unlawful touching was also accomplished by Defendant through its touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact Plaintiff. Defendant intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

60.    Defendant conducted no independent investigation into whether any criminal conduct had occurred.

61.    The actions by Defendant were committed outside of the course and scope of its employment with Defendant Sheriff.

62.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish such as depression, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT III
## BATTERY
### (Brought by Plaintiff against Defendant KIEFER BOSWELL)

63.    Paragraphs 1 through 48 are realleged and incorporated herein by reference.

64.    This count sets forth a claim against Defendant KEIFER BOSWELL, individually, for common law battery. For the purpose of this Count alone,

Defendant was acting outside of the course and scope of his employment with Defendant Sheriff.

65.    Plaintiff is entitled to relief against Defendant in that, Defendant, without justification or Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in which Defendant battered Plaintiff, hit him, and caused Plaintiff to sustain injuries. Defendant intended to hit, push, and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant through its touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact Plaintiff. Defendant intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

66.    Defendant conducted no independent investigation into whether any criminal conduct had occurred.

67.    The actions by Defendant were committed outside of the course and scope of its employment with Defendant Sheriff.

68.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish such as depression, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT IV
## BATTERY
### (Brought by Plaintiff against Defendant JEREMY ODOM)

69.     Paragraphs 1 through 48 are realleged and incorporated herein by reference.

70.     This count sets forth a claim against Defendant JEREMY ODOM, individually, for common law battery. For the purpose of this Count alone, Defendant was acting outside of the course and scope of his employment with Defendant Sheriff.

71.     Plaintiff is entitled to relief against Defendant in that, Defendant, without justification or Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in which Defendant battered Plaintiff, hit him, and caused Plaintiff to sustain injuries. Defendant intended to hit, push, and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant through its touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact Plaintiff. Defendant intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

72.     Defendant conducted no independent investigation into whether any criminal conduct had occurred.

73.     The actions by Defendant were committed outside of the course and scope of its employment with Defendant Sheriff.

15

74.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish such as depression, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT V**
**BATTERY**
**(Brought by Plaintiff against Defendant BRANDON GIBBS)**

75.     Paragraphs 1 through 48 are realleged and incorporated herein by reference.

76.     This count sets forth a claim against Defendant BRANDON GIBBS, individually, for common law battery. For the purpose of this Count alone, Defendant was acting outside of the course and scope of his employment with Defendant Sheriff.

77.     Plaintiff is entitled to relief against Defendant in that, Defendant, without justification or Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in which Defendant battered Plaintiff, hit him, and caused Plaintiff to sustain injuries. Defendant intended to hit, push, and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant through its touching or contact with Plaintiff without any justification and in the absence of

16

cause to touch or contact Plaintiff. Defendant intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

78.     Defendant conducted no independent investigation into whether any criminal conduct had occurred.

79.     The actions by Defendant were committed outside of the course and scope of its employment with Defendant Sheriff.

80.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish such as depression, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT VI**
**EIGHTH AMENDMENT VIOLATION-EXCESSIVE FORCE**
**(Against TIMOTHY SHELTON, individually, KIEFER BOSWELL,**
**individually, JEREMY ODOM, individually, BRANDON GIBBS,**
**individually, and ROBERT JOHNSON in his official capacity)**

81.     Plaintiff re-alleges paragraphs 1 through 48 above and incorporates those allegations in this Count. This count is pled in the alternative.

82.     This count sets forth a claim against Defendants for violation of the Eighth and Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983.  For purposes of this

count, Defendants TIMOTHY SHELTON, KIEFER BOSWELL, JEREMY ODOM, and BRANDON GIBBS, was at all pertinent times operating within the course and scope of their employment and/or contractual relationships with Defendant ROBERT JOHNSON, in his official capacity as SHERIFF, SANTA ROSA COUNTY.

83.    Defendants used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause, or lawful authority.

84.    Defendants intended to damage Plaintiff, in that their harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

85.    The Defendants acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Eighth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

86.    Defendants are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Eighth Amendment to the U.S. Constitution.

87.    Defendants' misused their power, possessed by virtue of state law and made possible only because of the authority of state law.  The violation of Plaintiff's

rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

88.    The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

89.    The use of excessive force by Defendants is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a juvenile or criminal offense and determines a cognizable claim in violation of the Eighth Amendment.

90.    Defendants knew or should have known that their actions against Plaintiff were excessive given the clearly established law.

91.    Based upon the facts presented to Defendants and the applicable law, no reasonable person, company, government agency or law enforcement agency could have concluded that there existed any reasonable cause or legal basis for slamming Plaintiff's face into a shower knob, then hitting and kicking him while he was on the floor. The law was settled and clearly established that the actions of Defendants constituted excessive force under the Eighth Amendment at the time the acts were engaged in.

92.    The actions or inactions of Defendants, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when

Defendants knew of and disregarded Plaintiff's rights, and thus Defendants' actions or inactions constituted the use of excessive force in violation of the Eighth Amendment.

93.    Defendants were acting under color of state law at all pertinent times. Their use of excessive force violated the proscription thereof set forth in the Eighth Amendment. Defendants misused their power, possessed by virtue of state law and made it possible only because of the authority of state law. Defendants are persons under applicable law.

94.    In addition to the liability of Defendants TIMOTHY SHELTON, KIEFER BOSWELL, JEREMY ODOM, and BRANDON GIBBS, under this count, Defendant ROBERT JOHNSON, in his official capacity as SHERIFF, SANTA ROSA COUNTY is liable to Plaintiff hereunder due to the deliberate indifference of his employee's actions, a custom and practice of excessive force against persons such as Plaintiff, the final policymaker's involvement in the abuse and/or its failure to adequately train and supervise Defendants TIMOTHY SHELTON, KIEFER BOSWELL, JEREMY ODOM, and BRANDON GIBBS, so as to prevent harm to Plaintiff.

95.    The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights.

96.     As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.  Plaintiff is entitled to awards of punitive damages against Defendants TIMOTHY SHELTON, KIEFER BOSWELL, JEREMY ODOM, and BRANDON GIBBS, and Defendant ROBERT JOHNSON, in his official capacity as SHERIFF, SANTA ROSA COUNTY under this count.

## COUNT VII
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
### (Against Defendant KIMBERLY SMITH)

97.     Plaintiff re-alleges paragraphs 1 through 48 as if fully set forth herein.

98.     At all times material, Defendant had a duty under the Constitution of the United States of America to provide adequate medical care to those inmates, including Plaintiff, in the custody of Santa Rosa County Jail.

99.     At all times material, Defendant had a duty under the Eighth Amendment, as applicable to the State through the Fourteenth Amendment to the United States Constitution, not to be deliberately indifferent to the known serious medical needs of inmates in the custody of Santa Rosa County Jail.

100.   While incarcerated at Santa Rosa County Jail, Plaintiff suffered from a serious medical need to wit, bilateral traumatic basal fractures with displacement of the fractures towards the right and nasal bone fracture and a knee contusion, which, if not properly and timely treated, would and did leave Plaintiff permanent damage.

101.   Plaintiff had also sustained damage to his teeth and suffered from a continuous bloody nose, both of which were obvious and serious in nature.

102.  Defendant, Nurse Kimberly Smith, was deliberately indifferent to Plaintiff's medical needs in that she was aware of Plaintiff's injuries because he informed her of his injuries and his injuries were obvious and serious. Even so, she denied medical care to Plaintiff, including but not limited to, refusing to have Plaintiff taken to the hospital.

103.   Defendant was aware of Plaintiff's injuries and that Plaintiff was at a risk of serious harm and continued pain if he did not receive immediate treatment.

104.   Plaintiff's medical diagnosis and condition or conditions was known or knowable to Nurse Kimberly Smith at all times material. Despite its actual or imputed knowledge of the serious risk to Plaintiff's health, Defendant, intentionally or through deliberate indifference, failed or refused to provide Plaintiff with access to medical care requested by Plaintiff. Had Defendant, Nurse Kimberly Smith, ensured that Plaintiff was properly treated in a timely manner, Plaintiff's pain and injuries would have been alleviated or limited.

105.   As a direct, proximate, and foreseeable result of Defendant's deliberate indifference to Plaintiff's known serious medical needs, Plaintiff has suffered the injuries described in this complaint, including bodily injuries, and resulting pain and suffering, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and Plaintiff will suffer such losses in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

      (a)    that process issue and this Court take jurisdiction over this case;

      (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

      (c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff awarding

Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the

circumstances, including but not limited to reinstatement.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

<u>/s/ Jami M. Kimbrell</u>
Jami M. Kimbrell
THE KIMBRELL FIRM, P.A.
Florida Bar No:  0657379
118 North Monroe Street
Ste. 308
Tallahassee, FL 32302
(850) 825-7130
jami@kimbrellfirm.com
jimmy@kimbrellfirm.com
Counsel for PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished to all counsel of record by CM/ECF this 15th day of July, 2024.

<u>/s/ Jami M. Kimbrell</u>
Jami M. Kimbrell